In re Adolphus HALL and Helen Marie Hall, his wife, Debtors.

Adolphus and Helen HALL, Plaintiffs,

v.

The UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Samuel R. Pierce, Jr., Secretary of the U.S. Department of H.U.D.; Harry Dougherty, Chief Loan Management Branch, Philadelphia Area Office; V.N.B. Mortgage Company; and Jonathan Ganz, Trustee, Defendants.

Bankruptcy No. 83–03798G.
Adv. No. 83–2218G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 20, 1985.

**208**

Michael Donahue, Delaware County Legal Assistance Ass'n, Chester, Pa., for debtor/plaintiffs, Adolphus Hall and Helen Hall.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for defendants (United States instrumentalities only).

Jonathan H. Ganz, Philadelphia, Pa., Trustee.

### OPINION

EMIL F. GOLDHABER, Chief Judge:

The point for decision is whether we should award attorneys' fees to the debtors' counsel and against the United States under the Equal Access to Justice Act due to an initial decision by the Department of Housing and Urban Development ("HUD") refusing assignment of a mortgage on the debtors' home in light of its later acquiescence to assignment. For the reasons set forth herein, we conclude that under this statute the debtors are not entitled to fees.

We summarize the facts of this controversy as follows:[1] The debtors purchased in 1971 a parcel of realty for use as their family residence. In exchange for a purchase-money loan the debtors granted a mortgage in the property to an entity which ultimately assigned the mortgage to V.N.B. Mortgage Company. The twenty-five year mortgage was for the principal sum of $9,500.00 which bore interest at a rate of 7% per year. The monthly payments on the mortgage were $167.17.

The mortgage was insured under the provision of the National Housing Act of 1934. 12 U.S.C. § 1707, *et seq.*, and federal regulations promulgated thereunder, 24 C.F.R. § 203.1 *et seq.* (1982). The mortgage is likewise subject to the assignment provisions of 12 U.S.C. § 1715u and 24 C.F.R. §§ 203.650 to 203.660 (1982).

The employment of the husband-debtor was terminated in November of 1982 through no fault of his own. While employed, his take-home pay was $989.00 per month but, after the termination of his employment, unemployment compensation was only $858.00, while the debtors' monthly expenses, excluding the mortgage, totaled $782.00. During 1982, the wife-debtor fell ill and incurred hospital bills of $29,000.00 although insurance covered only $13,000.00 of this amount. Based on these factors, in the early part of 1983 the debtors defaulted on the mortgage and requested that HUD accept assignment of the mortgage to avoid foreclosure. HUD declined, stating, in part:

> The default was not caused by a circumstance or set of circumstances beyond your control which temporarily rendered you financially unable to cure the delinquency within a reasonable time or make full mortgage payments.
>
> The default began in January, 1983. Even though earnings were curtailed, income was sufficient for the monthly mortgage payment. At the appeal conference, you presented no information which established that the default was beyond your control.

The debtors filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") in September of 1983, and the following month they filed a complaint against HUD and several other defendants seeking judicial review of HUD's decision

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

not to accept assignment of the mortgage. The government duly answered the complaint and the debtors then filed a motion for summary judgment. The government then reviewed the debtors' circumstances, scrutinized its earlier decision refusing assignment of the mortgage and ultimately agreed to accept assignment of the mortgage. A stipulation resolving the merits of the suit was filed and we approved it. The debtors then filed a motion for an award under the Equal Access to Justice Act against HUD in the form of attorneys' fees and costs incurred by bringing suit to compel HUD to accept assignment of the mortgage.

Under the National Housing Act of 1934, HUD insures mortgages of qualifying families who would otherwise be precluded from purchasing a home. On default the mortgagee may assign the mortgage to HUD to avoid foreclosure if, *inter alia:*

(5) The mortgagor's default has been caused by circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency within a reasonable time or make full mortgage payments.

(6) There is a reasonable prospect that the mortgagor will be able to resume full mortgage payments after a period of reduced or suspended payments not exceeding 36 months and will be able to pay the mortgage in full by its maturity date extended, if necessary, by up to ten years.

24 C.F.R. § 203.650(a)(5) and (a)(6) (1982).

In 1980 Congress passed the Equal Access to Justice Act which states in pertinent part:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The United States Court of Appeals for the Third Circuit has quoted from the legislative history of the statute the test of whether a government action is substantially justified:

The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the Government. This allocation of the burden in fact, reflects a general tendency to place the burden of proof on the party who has readier access to and knowledge of the facts in question. The committee believes that it is far easier for the Government, which has control of the evidence, to prove the reasonableness of its action than it is for a private party to marshal the facts to prove that the Government was unreasonable.

*National Resources Defense Council, Inc. v. U.S. Environmental Protection Agency,* 703 F.2d 700, 707 (3d Cir.1983), quoting S.Rep. No. 253, 96th Cong., 1st Sess. 6; H.Rep. No. 1418, 96th Cong. 2nd Sess. 10–11, reprinted in 1980 U.S.Code Cong. & Admin.News 4953, 4989. The Assistant United States Attorney, representing the government's interest in this court proceeding, asserts that its denial of acceptance of the assignment was justifiable prior to the filing of bankruptcy because the debtors would not be able to resume normal payments under the conditions set forth in 24 C.F.R. § 203.650(a)(6) (1982), since the debtors owed $16,000.00 in medical bills which were not covered by insurance. On the filing of bankruptcy, HUD foresaw the discharge of this liability and the concomitant vitiation of the alleged basis for denial of the assignment. The debtors contend that this position was not advanced by adminis-

trative officials at HUD when it denied the debtors relief. It is the debtors' position that this refusal was predicated solely on 24 C.R.R. § 203.650(a)(5) (1982) in that HUD allegedly asserted that the unemployment compensation was sufficient for them to meet their mortgage payments, as well as their other expenses, and thus the default was not caused by circumstances beyond their control. The debtors posit that the government cannot advance one basis for its decision at the agency level and then add an additional basis for decision when the dispute is brought to court, and in support thereof cite *Securities and Exchange Com. v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

In *Chenery* the Supreme Court held "that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its actions can be sustained." 318 U.S. at 95. The Supreme Court concluded that a challenged factual finding was predicated on an erroneous rule of law, and the Court therefore remanded the case to the Securities and Exchange Commission for further proceedings. Nonetheless, the Court also stated that it was "not disturb[ing] the settled rule that, in reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'" 318 U.S. at 88. On the basis of this latter quote and our purusal of the entire text of the Supreme Court's opinion, we conclude that the debtors' position is not supported by *Chenery*. The debtors offer no other authority which would preclude the government from advancing in this forum justifications for HUD's actions which were not enunciated previously by that agency.

We conclude that the government was substantially justified for previously refusing to take assignment of the mortgage on the basis that the debtors could not pay the arrearages on the mortgage within a reasonable time due to the size of their medical debts. This conclusionn entails a denial of the request for fees and costs under the Equal Access to Justice Act and we will enter an order to that effect.