**Daniel J. MILLER, Jr., Petitioner,**

v.

**UNITED STATES of America and Department of the Army, Respondents.**

**No. 82–3404.**

United States Court of Appeals,
Third Circuit.

Argued May 31, 1983.

Decided Sept. 21, 1983.

Donald G. Scheck, Stroudsburg, Pa., for petitioner.

Carlon M. O'Malley, Jr., U.S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U.S. Atty., Lewisburg, Pa., Peter B. Loewenberg, Chief, Civilian Personnel, Robert B. Williams, Civilian Personnel Litigation (argued), Dept. of the Army, Washington, D.C., for respondents.

Before GIBBONS and BECKER, Circuit Judges, and WEBER,* District Judge.

## OPINION OF THE COURT

BECKER, Circuit Judge.

In November 1980, respondent Department of the Army discharged petitioner

Daniel J. Miller from his position as an Electrical Equipment Repairer Helper at the Tobyhanna, Pennsylvania Army Depot. The Army did so after discovering that Miller's college degree rendered him overqualified for that position under 38 U.S.C. § 2014 (1976). Miller appealed the discharge to the Merit Systems Protection Board (MSPB), which dismissed his appeal on jurisdictional grounds. The MSPB ruled that, because Miller's appointment was void ab initio, he was not an "employee" and thus had no statutory right of appeal to the MSPB. Because we do not agree that the MSPB lacked jurisdiction to entertain Miller's appeal, we will vacate the dismissal and remand to the MSPB for further proceedings.

I.

The facts are essentially undisputed. On November 7, 1978, the Department of the Army appointed Miller as an Electronics Mechanic Helper. The appointment was temporary for a term not to exceed one year. A year later, on November 7, 1979, the Army reappointed Miller to the same position. Although this appointment was also for a temporary term of one year or less, on December 2, 1979, the Army, on its own initiative, converted Miller's appointment to one under the Vietnam Era Veterans Readjustment Act of 1974, 38 U.S.C. §§ 2011–2014 (1976) ("VRA"). This appointment, which superseded the temporary one, improved Miller's job status and benefits. Apparently relying on the benefits accompanying his new appointment, Miller and his wife obligated themselves on two loans to finance a $25,000 addition to their home.

In early September 1980, Miller applied for a GS–7 position at the Army Depot. In the course of reviewing this application, the Army realized that Miller had graduated from a four-year college. Although Miller had provided this information in his earlier applications, the fact apparently had es-

---

* Honorable Gerald J. Weber, United States District Judge for the Western District of Pennsylvania, sitting by designation.

caped the Army's attention when it gave Miller his VRA appointment. The inattention, however, was significant, for VRA appointments are not available to those who have completed more than fourteen months of college education. 5 C.F.R. § 307.-102(a)(2) (1982).[1]

Unsure how to proceed upon discovering that Miller appeared ineligible for the position he then held, the Army requested advice from the Office of Personnel Management ("OPM"). OPM responded that, unless the Army were to request and obtain a "variation" from Government regulations to permit Miller to retain his position, the Army would have to discharge him.[2] The Army declined to request the "variation," and on November 20, 1980, advised Miller that he was to be "terminated" immediately.

Pursuant to 5 U.S.C. § 7701, Miller filed a timely appeal of his termination with the MSPB. After an initial hearing, the presiding official ruled in Miller's favor. The official held that Miller's termination was void because the Army had failed to show that it was necessary to "promote the efficiency of the service," as required by 5 U.S.C. § 7513 (1976). The presiding official therefore ordered the Army to reinstate Miller with back pay.

The Army, in turn, appealed the initial decision to the MSPB, *see* 5 C.F.R. § 1201.3 (1982), and the MSPB reversed. The MSPB, however, did not reach the merits. Rather, it ruled that Miller's appointment was void ab initio because he was ineligible for the position and he therefore had no statutory right of appeal to the MSPB. Miller then petitioned this Court pursuant to 5 U.S.C. § 7703(a)(1) (1976)[3] for review of the MSPB's dismissal.

## II.

The statutory scheme that is relevant to this appeal is relatively simple. Pursuant to Chapter 75, subchapter II of 5 U.S.C., an agency may remove an employee "only for such cause as will promote the efficiency of the service," *id.* § 7513(a). In addition, an employee whom the agency proposes to remove is entitled to a variety of procedural rights. *See id.* § 7513(b), (c), (e). Finally, section 7513(d) provides that "[a]n employee against whom action is taken under this section is entitled to appeal to the [MSPB] under section 7701 of this title."[4]

On its face, the statutory scheme seems to confer upon Miller the right to appeal his dismissal to the MSPB. The MSPB held, however, and the Army argues here, that Miller's appointment to a VRA position was void ab initio and that he therefore never attained the status of employee. In particular, the MSPB relied in its opinion on the definition of "employee" contained in 5 U.S.C. § 2105 (1976). In pertinent part, section 2105 provides:

1. Although the VRA does not include this requirement in terms, 38 U.S.C. § 2014(b)(1) provides that "veterans of the Vietnam era shall be eligible, in accordance with regulations which the Civil Service Commission shall prescribe, for veterans readjustment appointments, and for subsequent career-conditional appointments, under the terms and conditions specified in Executive Order Numbered 11521 (March 26, 1970)...." One of the terms and conditions specified in Executive Order No. 11521 was a restriction limiting VRA appointments to those with fewer than fourteen months of college education.

2. 5 C.F.R. § 5.1 (1983) provides that "[t]he Director [of OPM] is authorized, whenever there are practical difficulties and unnecessary hardships in complying with the strict letter of the regulation, to grant a variation from the strict letter of the regulation ...."

3. "Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the [MSPB] may obtain judicial review of the order or decision." We have jurisdiction because this petition was filed on August 27, 1982. The Court of Appeals for the Federal Circuit has jurisdiction over all such petitions filed after October 1, 1982. *See* 28 U.S.C.A. § 1295(a)(5) (West Supp.1983), Federal Courts Improvement Act, Pub.L. 97–164, § 402, 96 Stat. 27 (1982).

4. Section 7701 provides, in relevant part, that "an employee or applicant for employment may submit an appeal to the [MSPB] from any action which is appealable to the Board under any law, rule, or regulation."

(a) For the purposes of this title [Title 5 of the United States Code], "employee," except as otherwise provided by this section or when specifically modified, means an officer and an individual who is—

(1) appointed in the civil service by one of the following acting in an official capacity—

(A) the President;

(B) a Member or Members of Congress or the Congress;

(C) a Member of a uniformed service;

(D) an individual who is an employee under this section;

(E) the head of a Government controlled corporation; or

(F) an adjutant general designated by the Secretary concerned under section 709(c) of title 32;

(2) engaged in the performance of a Federal function under authority of law or an executive act; and

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

Although the MSPB and the Army apparently concede that Miller satisfied the requirements of subsections (2) and (3), the MSPB ruled that Miller had never been "appointed in the Civil Service by an individual with lawful authority to so act." *Miller v. Department of the Army*, Docket No. PH07528110165 (MSPB July 26, 1982). Since, according to the MSPB, Miller was not an employee for purposes of Title 5 of the United States Code, "the termination of his 'appointment' is not an adverse action as defined in 5 U.S.C. Chapter 75. Therefore, appellant is outside the protection of the statutory procedures established for employees." *Id.*

We need not here decide the metaphysical question whether one who is appointed ultra vires can attain the status of employee under section 2105. For that section, by its own terms, does not apply when it has been "specifically modified," and chapter 75, subchapter II of 5 U.S.C., which contains its own definition of "employee," so modifies it. Section 7511 provides in relevant part:

(a) For the purpose of this subchapter—

(1) "employee" means—

(A) an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less; and

(B) a preference eligible in an Executive agency in an excepted service, and a preference eligible in the United States Postal Service or the Postal Rate Commission, who has completed 1 year of current continuous service in the same or similar positions. . . .

Although Miller does not satisfy the terms of subsection (a)(1)(A), it is quite clear that he does come within (a)(1)(B):[5] he is a "preference eligible" as that term is defined in 5 U.S.C. § 2108(3) (1976); the Army is an "executive agency in the excepted service," *see id.* § 2103; and the Army apparently concedes that Electronics Mechanic Helper and Electrical Equipment Repairer Helper are similar positions.

The Army raises several objections to our relying on this definition. First, the Army points out that section 7511 is part of subchapter II, which is entitled "Adverse Actions." The Army contends, however, that, because his appointment was never valid, Miller's termination did not constitute an "adverse action." Rather, the Army characterizes Miller's dismissal as "an administrative correction of an earlier oversight." Br. at 11–12.

We simply cannot accept this argument. On November 9, 1980, Miller was working as an Army electrician, as he had been doing for two years; on November 10, 1980, the Army told him he no longer had a job.

---

**5.** Although the "and" between subsections (A) and (B) suggests that the two subsections are to be read conjunctively, the fact that the "competitive service" mentioned in (A) and the "excepted service" mentioned in (B) are mutually exclusive means that the definitions must be disjunctive.

It is hard for us to imagine action against an individual that could be more "adverse." Moreover, section 7512 makes clear that the adverse action procedures apply to "removals," [6] and whatever the reason, Miller certainly was removed.

The Army's second objection is that it is inconsistent with the intent of section 7511(a) to allow it to supersede section 2105(a) and thereby to broaden the class of employees entitled to the protections of section 7513. "The evident purpose of 7511(a)," the Army contends, "is to narrow the general definition of employee at 2105(a) by withholding the right to appeal from those 'employees' who have completed a probationary period in the same or similar positions." Br. at 12.

We agree with the Army's observation that the one-year requirements of subsections 7511(a)(1)(A) and (B) were probably intended to insure that probationary employees do not acquire the full panoply of procedural protection possessed by permanent employees under 5 U.S.C. § 7513. But the accuracy *vel non* of this observation is not determinative; while the statute narrows the definition of employee contained in section 2105, it broadens it as well. For example, section 2105(e) declares: "Except as otherwise provided by law, an employee of the United States Postal Service or of the Postal Rate Commission is deemed not an employee for purposes of this title." 5 U.S.C. § 2105(e) (1976). Section 7511(a)(1)(B), however, includes some postal workers in its definition of employee, and thus confers on them protection they would otherwise be denied.

More importantly, assuming that the intent of Congress in enacting section 7511 was to enable the government to discharge probationary employees without elaborate procedural safeguards, Miller effectively was not such an employee. The government converted Miller's second temporary appointment into a permanent one—and not even at his behest. It therefore would not serve the putative purpose of section 7511 to deny Miller review of the subsequent decision to revoke that conversion.[7]

Accordingly, we hold that Miller was an "employee" within the definition of 5 U.S.C. § 7511(a)(1)(B) and that the MSPB had jurisdiction under *id.* § 7701 to consider his appeal of his removal. We therefore will vacate the MSPB's order dismissing Miller's appeal and remand to the MSPB for further proceedings consistent with this opinion.

---

**6.** Section 7512 provides:

This subchapter applies to—

(1) a removal;
(2) a suspension for more than 14 days;
(3) a reduction in grade;
(4) a reduction in pay; and
(5) a furlough of 30 days or less;

but does not apply to—

(A) a suspension or removal under section 7532 of this title,
(B) a reduction-in-force action under section 3502 of this title,
(C) the reduction in grade of a supervisor or manager who has not completed the probationary period under section 3321(a)(2) of this title if such reduction is to the grade held immediately before becoming such a supervisor or manager,

(D) a reduction in grade or removal under section 4303 of this title, or
(E) an action initiated under section 1206 or 7521 of this title.

None of limitations (A) through (E) is applicable here.

**7.** Miller urges that his case is sufficiently compelling and the record sufficiently complete that we should reach the merits of his claim and determine whether he is entitled to reinstatement with back pay and benefits. He also contends that the Army is now estopped from contesting his VRA appointment. Although we are sympathetic to his plight, we believe that the MSPB should have the first opportunity to review the initial decision that the Army's summary dismissal violated Miller's rights under 5 U.S.C. §§ 7513(a) and 7513(b), (c), and (e).