**Daniel J. MILLER, Jr., Petitioner,**

v.

**UNITED STATES of America and Department of the Army, Respondents.**

**No. 82–3404.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 21, 1983.

Decided Jan. 15, 1985.

Donald G. Scheck, Stroudsburg, Pa., for petitioner.

Carlton M. O'Malley, Jr., U.S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U.S. Atty., Lewisburg, Pa., Peter B. Loewenberg, Chief, Civilian Personnel, Robert B. Williams, Civilian Personnel Litigation, Dept. of the Army, Washington, D.C., for respondents.

Before GIBBONS and BECKER, Circuit Judges, and WEBER, District Judge *.

## OPINION SUR PETITIONER'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

BECKER, Circuit Judge.

This opinion addresses an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), *repealed by* Pub.L. No. 96–481, § 204(c), 94 Stat. 2321, 2329 (the "EAJA"). The application, which is directed to this panel following its action on a petition for review of a final order of the Merit System Protection Board (the "MSPB"), requires us to consider some interesting procedural complications of the EAJA.

In 1980, petitioner Daniel J. Miller was discharged by the Army and he appealed the discharge to the MSPB. The MSPB decided that Miller had no statutory right to an appeal, and Miller petitioned this court to review that decision. We vacated the order of the MSPB and remanded for further proceedings. *Miller v. United States*, 717 F.2d 109 (3d Cir.1983). Follow-

ing our order, the MSPB granted Miller some but not all of the relief he requested, and he again petitioned for review, this time to the United States Court of Appeals for the Federal Circuit, which had, in the interim, assumed jurisdiction over MSPB decisions pursuant to the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (1982).

For the reasons that follow, we conclude that Miller is entitled to attorney's fees for work performed in connection with his original appeal to the MSPB, his petition for review to this court, and the portion of his fee petition relating to those aspects of the case. Moreover, we will grant Miller thirty days to file an amended (and reorganized) fee petition documenting the hours worked and expenses incurred exclusively in connection with these aspects of the litigation. The government will then have thirty days to object to the specifics of Miller's request. Finally, we hold that we have no jurisdiction over the portion of Miller's petition regarding work done on appeal to the Federal Circuit, and we will therefore transfer that part of Miller's application to that court pursuant to 28 U.S.C. § 1631.

### I.

The underlying facts of this case are set out in detail in our previous opinion, *Miller v. United States*, 717 F.2d 109 (3d Cir. 1983). In summary, the Department of the Army discharged Miller from his position as an electronics mechanic's helper at the Tobyhanna, Pennsylvania army depot in November 1980. The Army acted after discovering that Miller's college degree rendered him overqualified for that position under 38 U.S.C. § 2014 (1976); it refused to request a variance from government regulations that would have permitted Miller to retain his job. Miller appealed the discharge to the MSPB, which dismissed his appeal on the grounds that he had never been an "employee" and thus

* Honorable Gerald J. Weber, United States District Judge for the Western District of Pennsylvania, sitting by designation.

had no statutory right of appeal to the board.

Miller petitioned this court for review of the MSPB order. We held that Miller was an employee under the clear language of 5 U.S.C. § 7511(a)(1)(B), rejecting the Army's contention that, because Miller had never been eligible for his job, his termination did not constitute "adverse action" to which the definition of employee in § 7511 applies. 717 F.2d at 112. We stated, in part:

> We simply cannot accept [the Army's] argument. On November 9, 1980, Miller was working as an Army electrician, as he had been doing for two years; on November 10, 1980, the Army told him he no longer had a job. It is hard for us to imagine action against an individual that could be more "adverse." Moreover, section 7512 makes clear that the adverse action procedures apply to "removals," and whatever the reason, Miller certainly was removed.

*Id.* at 112–13 (footnote omitted). We thus vacated the order of the MSPB and remanded for consideration of the merits of Miller's complaint.

Our judgment remanding the case to the MSPB was entered on September 21, 1983. On November 21, 1983, Miller filed an application pursuant to the EAJA for attorney's fees incurred in prosecuting his claim before the MSPB and this court. On April 11, 1984, Miller notified us that, on remand, the MSPB had, without additional briefing or argument, reinstated him. At the same time, he amended his fee application to cover the time expended on his request for fees. Since the MSPB failed to award Miller backpay or order the Army to credit him for the annual leave, sick leave, seniority, and retirement benefits that he would have earned had he been working, he again appealed for review of the MSPB decision, this time to the newly created United States Court of Appeals for the Federal Circuit, pursuant to 28 U.S.C. § 1295(a)(9). On October 17, 1984, Miller informed us that this latest appeal was dismissed after the government paid him $6502 in back pay, and added 227 hours and 72 hours to his annual leave and sick leave accounts, respectively. Miller then amended his petition to cover the fees and expenses incurred in these latest efforts, and also requested additional fees for counsel's work on the fee petition amendments.

## II.

■ In order to be awarded reasonable attorney's fees and expenses under the EAJA, Miller must be a "prevailing party" as against the United States, and his application for fees must have been filed "within thirty days of final judgment in the action." If he meets these requirements, Miller is entitled to the fees and expenses unless the government can show that its position was "substantially justified." 28 U.S.C. § 2412(d).

■ When the present petition was filed, the government attacked it as untimely because it was filed more than thirty days after this court's order remanding the case to the MSPB. Miller argued that his application was timely because it was filed prior to thirty days after time had expired for the government to appeal our decision. Since there was a conflict in the circuits on this issue, we ordered briefing by the parties. While we were in the course of preparing an opinion, another panel of this court resolved the question, holding that "fee petitions under the EAJA must be filed no later than thirty days after the expiration of the time to appeal, or after the termination of the litigation by the court of last resort, or after a losing party asserts that no further appeal will be taken." *Taylor v. United States*, 749 F.2d 171 at 174 (3d Cir.1984). Under the rule set out in *Taylor*, Miller's application for fees was timely filed.

■ Miller was not, however, a prevailing party when he filed his fee petition. "When a court vacates an administrative decision and remands the matter for reconsideration, the successful party generally should not recover attorney's fees at that particular time since the claimant's rights and liabilities have not yet been deter-

mined." *Brown v. Secretary of Health and Human Services*, 747 F.2d 878 at 883 (3d Cir.1984). Miller's fee request, then, rather than being late, was premature. After he filed this petition, however, Miller was reinstated by order of the MSPB and was given back pay and benefits in a subsequent settlement with the Army. There is thus no question at this point in time that Miller is a prevailing party, and we see no reason why we should not treat his premature petition as though it had been appropriately filed. The government cannot complain that it is prejudiced by this result. *See Cape May Greene, Inc. v. Warren,* 698 F.2d 179, 184–85 (3d Cir.1983) (premature appeal may be considered absent a showing of prejudice to the other party).[1]

■ Miller is thus entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified ...." 28 U.S.C. § 2412(d)(1)(A). The burden of proving substantial justification is on the government. *Dougherty v. Lehman,* 711 F.2d 555, 561 (3d Cir.1983). The position of the United States includes not only its litigation position but also the agency position that made the law suit necessary. *National Resources Defense Council v. EPA,* 703 F.2d 700, 708 (3d Cir.1983) (Gibbons, J., announcing the judgment of the court); *id.* at 714–17 (Thompson, J., concurring); *Dougherty,* 711 F.2d at 563 n. 12. To meet its burden, the government must show (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Citizens Council of Delaware County v. Brinegar,* 741 F.2d 584 at 592–593 (3d Cir.1984); *Dougherty,* 711 F.2d at 564.

■ We believe that the Army has not met its burden of showing that its prelitigation and litigation positions were substantially justified. Initially, the Army chose to discharge Miller after it learned of his overqualification; it refused to apply for a variance of regulations that would have permitted Miller to remain employed. When Miller attempted to have the MSPB review the Army's action, the Army contended that the MSPB had no jurisdiction because Miller had never been an "employee" who suffered an "adverse action," the requirements for MSPB review under the applicable law. The Army's litigation posture had no legal foundation; it was sup-

---

1. We note that *Brown* might be read to create a potential problem for future litigants in Miller's position. Under *Brown,* a litigant is generally not a prevailing party until he obtains substantive relief from a court or agency. Thus, the judgment of a court merely remanding a case back to an agency cannot be the "final judgment in the action" that implicates the thirty day rule (as it is interpreted by *Taylor* ), for at the time of this judgment the potential petitioner is not yet a prevailing party. According to *Guthrie v. Schweiker,* 718 F.2d 104, 106 (4th Cir.1983), the subsequent order of the agency awarding the litigant his requested relief—which makes the litigant a prevailing party—is also not the final judgment, because the "EAJA draws a clear distinction between final administrative actions and final judicial actions. *Compare* 5 U.S.C. § 504(a)(2) (Cum.Supp.1983) *with* 28 U.S.C. § 2412(d)(1)(B) (Cum.Supp.1983)." This problem was resolved in *Brown,* a social security case, by looking to 42 U.S.C. § 405(g), which requires the district court to retain jurisdiction over cases remanded to the social security administration, and to affirm, modify, or reverse the agency's subsequent award of benefits. We held in *Brown* that the judgment of the district court after the agency's action on remand is the final judgment for purposes of the EAJA in social security cases.

In this case, however, no statutory provision comparable to § 405(g) exists, and there is no obvious final judgment from which to count thirty days in accordance with the *Taylor* rule. Miller contends that the "final judgment" here was the Federal Circuit's dismissal of his appeal, but this result depends on the mere coincidence that Miller was dissatisfied with the second MSPB order and decided to file a second appeal that was dismissed after he was a prevailing party. The government suggests that the MSPB order following our remand was the "final judgment" because, until the issuance of that order, we retained jurisdiction over the case to ensure that our mandate was carried out. Despite the language in *Guthrie,* which was also a social security case, the government's position seems persuasive and, if correct, the putative problem would disappear. However, because we hold that we may consider Miller's premature application as timely filed no matter what constituted the "final judgment" in this case, we do not have to resolve this issue.

ported neither by the plain language of title 5 nor by judicial precedent, and we roundly rejected it. There was therefore no basis in law for the Army's position before the agency and before this court, hence it has not met its burden of a "strong showing," see *Tressler v. Heckler*, 748 F.2d 146 at 150 (3d Cir.1984), that its position was substantially justified.

### III.

In view of the foregoing, Miller is entitled to obtain attorney's fees and expenses for his appeal to this court. Miller has requested, in addition, that we award him fees for work done during the appeal to the MSPB. Although § 2412(d)(1)(A) of the EAJA grants courts the power to award only those fees and expenses incurred by a prevailing party during "actions in court," § 2412(d)(3) states that a court reviewing an "adversary adjudication ... shall include" in its award fees for work done before the agency "to the same extent [the agency is] authorized" to award fees under 5 U.S.C. § 504(a).

"Adversary adjudication" is defined in 5 U.S.C. § 504(b)(1)(C) as an adjudication "in which the position of the United States is represented by counsel or otherwise." Since the government (here, the Army) is

represented during proceedings before the MSPB, such proceedings meet the § 504(b)(1)(C) definition. Thus, if the MSPB could have awarded fees under § 504(a), we have the statutory authority to do so under § 2412(d)(3). The agency is empowered to award fees by the express terms of § 504(a) if the petitioner is a prevailing party and the position of the agency not is substantially justified.[2] As detailed above, see supra pp. 149–50, Miller meets both of these requirements. Therefore, we have the power under § 2412(d)(3) to award fees to Miller for the agency proceedings, and we hold that Miller is entitled to reasonable fees and expenses for the initial phase of the litigation before the MSPB.[3]

### IV.

Miller's petition includes a request for fees and expenses that he incurred during the pendency of his appeal before the Court of Appeals for the Federal Circuit. On April 2, 1982, Congress passed the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (1982). One section of that act, codified at 28 U.S.C. § 1295(a)(9), which became effective October 1, 1982, provides that all appeals from decisions of the MSPB are to be taken to the newly created Court of Appeals for the

---

**2.** The full language of 5 U.S.C. § 504(a)(1) is as follows:

> An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was substantially justified or that special circumstances make an award unjust.

**3.** In *Brown*, we stated that "[o]n its face the [EAJA] applies only to proceedings in 'court' and therefore proceedings in an administrative agency are excluded from its coverage." At 880. However, this statement was made in reference only to § 2412(d)(1)(A), which does apply only to "actions in court." At 880. Moreover, as applied to the case before it, the statement was correct: *Brown* dealt with review of a decision of the Social Security Administration and the government is not represented at social security hearings. Such hearings, therefore, are not "adversary adjudications" to which § 504(a) (and thus § 2412(d)(3)) applies. *Watkins v. Harris,*

566 F.Supp. 493, 497 (E.D.Pa.1983). The government agrees that, although the language used by the court in *Brown* appears general, it is inapplicable to the case at hand.

We note that Miller has requested fees for only 25 hours of work during the MSPB phase of the litigation. If his request were more extensive, we would be inclined to refrain from exercising our § 2412(d)(3) authority, and would remand this part of the fee petition back to the agency for consideration pursuant to its power under 5 U.S.C. § 504(a). The MSPB is more intimately acquainted with this part of counsel's work, and could more readily assess its necessity and quality. However, where, as here, the fees requested for agency work are small compared to the overall fee request, and the agency record was reviewed by us in connection with our adjudication, we believe that such a fragmentation of the fee calculation would be unnecessary and inefficient. *Accord, Taylor,* at 174 (interpreting 30 day rule so as to avoid, *inter alia,* fragmentation of fee litigation).

Federal Circuit. Accordingly, after the MSPB granted Miller only part of the relief he requested following the remand from this court, Miller petitioned the Federal Circuit for review. This appeal was dismissed when the parties agreed to a settlement.

This court had no jurisdiction over Miller's appeal to the Federal Circuit. It follows from this fact that we have no jurisdiction to consider Miller's petition for attorney's fees as it regards work carried out during the pendency of that appeal. We do not believe, however, that we must simply dismiss this part of Miller petition. In 28 U.S.C. § 1631, Congress provided, in pertinent part:

> Whenever ... [a] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer [an] action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed ....

It is clear that the Federal Circuit would have had jurisdiction over Miller's October 17, 1984, fee petition amendment had it been filed as an original petition with that court. Because we do not think Miller should be prejudiced by the unusual fact that jurisdiction over appeals from the MSPB was altered by Congress during the pendency of this litigation, we believe that it is "in the interest of justice" that we transfer this part of Miller's petition for attorney's fees to the Federal Circuit for further consideration. Although we recognize that § 1631 is addressed to the transfer of "civil actions" and "appeals," we have no difficulty with the proposition that this language is broad enough to cover fee petitions filed pursuant to the EAJA in connection with a civil action or an appeal.

## V.

Miller's fee petition and its amendments make no clear distinction between work done in connection with the phases of the litigation over which we have decided Miller is entitled to fees and the phase that we have decided to transfer to the Federal Circuit. Moreover, the government has not yet made submissions addressing the details of Miller's fee request, apparently because of the disputes over the timeliness of the original fee petition and the issue of substantial justification, and because Miller has amended his petition on several occasions. For these reasons, we will grant Miller thirty days to file an amended fee petition documenting hours worked and expenses incurred solely in connection with the initial appeal to the MSPB, the appeal to this court, and the portions of the fee petition relating to these phases of the litigation. The government will then have thirty days in which to file a response. Upon receipt of these papers, we will determine the amount of fees to be awarded.