Eddie JAKES, Petitioner,

v.

**VETERANS ADMINISTRATION, Respondent.**

**Appeal No. 85–2178.**

United States Court of Appeals, Federal Circuit.

June 9, 1986.

el in this case.

Daniel Minahan, of Minahan & Shapiro, Denver, Colo., argued for petitioner.

Terrence S. Hartman, of the Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan and Stuart James, Attorneys, of the Commercial Litigation Branch, Dept. of Justice. Of counsel was Barry A. Modrov, of the Veterans Admin.

Before FRIEDMAN, Circuit Judge, BENNETT, Senior Circuit Judge,[*] and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

## DECISION

Eddie Jakes appeals from the final decision of the Merit Systems Protection Board (Board), Docket No. NY07528510164, sustaining his removal from employment at the Veterans Administration (agency) because of his overqualification for a Veterans Readjustment Act (VRA) appointment when he was first hired in March of 1980. We reverse.[**]

## OPINION

Jakes' removal, effective December 7, 1984, was based on an agency determination that his appointment, effective March 23, 1980, was made in violation of the statutory prohibition that VRA appointees have no more than 14 years of education. When removed, Jakes held a position in the competitive service and was not serving a probationary or trial period under the initial appointment. The presiding official held that Jakes was entitled, under *Miller v. United States*, 717 F.2d 109 (3d Cir. 1983), to appeal his removal to the Board.

In March 1980, the agency gave Jakes a VRA two-year appointment. In his application to the agency, Jakes indicated that he had 83 semester hours of post-secondary education. The Office of Personnel Management (OPM) had advised federal agencies that a person with more than 60 semester hours of such education was ineligible for a VRA appointment. In accordance with the VRA provisions, Jakes received his appointment without going through the usual competitive appointment procedure for the federal service.

In March 1982, after completing two years of satisfactory service, Jakes received a career conditional appointment pursuant to 5 C.F.R. § 316.705 (1982). This was the same probationary appointment that employees appointed through the competitive appointment process normally receive. Upon completing one year's satisfactory service in that probationary status, Jakes received a regular appointment in the competitive civil service in March 1983.

The agency removed Jakes in 1984 upon discovering that he had had 83 semester hours of post-secondary education at the time of his original VRA appointment in 1980. The agency removed him solely for that reason and never contended that his work was in any way unsatisfactory.

The presiding official found that since Jakes was ineligible by statute for his VRA appointment, he had not been entitled to conversion to career conditional or career appointment and, accordingly, the agency removal action was supported by the preponderance of the evidence. In finding that the removal was taken for such cause as will promote the efficiency of the service, the presiding official held that, since the agency "removed appellant because his VRA appointment violated 38 U.S.C. [§] 2014(b)(1)(C) and thereby voided the conversion of that appointment to the competitive service," the removal promoted per se the efficiency of the service. In taking the

---

[*] The Honorable Marion T. Bennett assumed senior status on March 1, 1986.

[**] This decision was originally issued in the form of an unpublished opinion on February 28, 1986, but is being reissued as a published opinion.

removal action, the agency did not consider the factors required by *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (M.S. P.B.1981), "as this is not a conduct poor related removal" (see page 17 of agency's appendix) and the presiding official merely found that "the agency action is within the limits of reasonableness."

We disagree with the finding of the presiding official that Jakes' removal, based solely upon his having had more education than the statute permitted at the time of his original appointment, for that reason alone promoted the efficiency of the service.

Jakes at the time of his separation was serving pursuant to his third appointment. He obtained his initial appointment for two years under the VRA. The purpose of this Act is "to promote the maximum of employment and job advancement opportunities within the Federal Government for ... veterans of the Vietnam era." 38 U.S.C. § 2014(a) (1982). In other words, Vietnam veterans were to be provided job opportunities which, because of lack of training and education, might not otherwise be available.

The purpose of the VRA is to allow the veteran a two-year period of time in which to receive additional education or training. Under 5 C.F.R. § 307.104 (1980) each agency is mandated to develop a training or educational program for each employee given a VRA appointment under guidelines established by OPM. *See* 307 FPM 1-5(b)(3), 1-6 (1975). At the end of the two years, the veteran, upon satisfactory completion of service and the educational or training programs designed for his particular needs, becomes entitled to career or career conditional tenure. 5 C.F.R. § 315.-705(a)(2) (1980). Such employee acquires a competitive status automatically. 5 C.F.R. § 315.705(c) (1980). If, on the other hand, after one year's service the VRA appointee fails to satisfactorily perform his assigned duties and participate in his required training or educational program, he must be separated by the agency. 5 C.F.R. § 307.-105 (1980).

After completing two years of satisfactory service and participating in his required educational program, Jakes received on March 23, 1982, a career conditional appointment pursuant to 5 C.F.R. § 315.-705 (1982), which became a career appointment on March 23, 1983. Although the presiding official found that Jakes' 1982 appointment to the competitive service was "voided" because the statute did not authorize his 1980 VRA appointment, in our view that 1982 appointment was merely an erroneous non-competitive appointment. Jakes was in no different status on March 23, 1982, than a fully qualified individual who walked in off the street and was hired without the agency's complying with the normal requirements for federal employment. In such instances, the agency is obligated to submit the case to OPM for direction or corrective action if there is no evidence (as there was not in Jakes' case) of bad faith or fraud on the part of the employee. 315 FPM 1-5 (1981). This the agency did not do.

There is no evidence in the record that the agency requested direction or corrective action from OPM on Jakes' erroneous non-competitive appointment to the competitive service. This is not a case in which the Board determines that an employee's removal promotes the interest of the service because the employee's performance has been unsatisfactory or the employee has engaged in conduct, on or off duty, that makes his continued retention in the federal service inappropriate. Jakes has done nothing improper; he disclosed his educational level to the agency when he applied for a VRA appointment. He satisfactorily completed his probationary period, and apparently had been performing satisfactorily as a member of the competitive service for two years when the agency removed him.

Considering all the circumstances, we hold that the Board's decision that his removal will promote the efficiency of the service is not supported by substantial evidence. Accordingly, the decision of the

Board affirming the removal of Jakes is reversed.

REVERSED.