**David E. SWANEY, Plaintiff,**

v.

**SECRETARY, UNITED STATES DEPT. OF EDUCATION and Richard A. Hastings, Director of Debt Collection & Management Assistance Service individually and in their official capacities, Defendants.**

**Civ. A. No. 86–105–CMW.**

United States District Court,
D. Delaware.

July 7, 1987.

John X. Denney, Jr. and O. Randolph Bragg, UAW Legal Services Plan, Newark, Del., for plaintiff.

William C. Carpenter, Jr., U.S. Atty., and Charlene D. Davis, Asst. U.S. Atty., Wilmington, Del., for defendants; Robert K. Coulter, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., of counsel.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

This case of first impression concerns an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2415(a) (1982). The fees are requested for an action to enjoin the government from intercepting the tax refund of a student who allegedly defaulted on a government guaranteed loan. Such intercepts are authorized by the recently enacted Deficit Reduction Act of 1984, 31 U.S.C. § 3720A (Supp. III 1985). The Court has both personal and subject matter jurisdiction in this action. The Court holds that plaintiff is a prevailing party for purposes of the Equal Access to Justice Act and that the position of the defendant, the Secretary of Education, was not substantially justified so as to make an award unjust.

For these reasons, the Court grants plaintiff's motion for fees.

## FACTS

The plaintiff, David Swaney, in 1972 borrowed $1,200.00 from Bell and Howell Schools, Inc., a correspondence school located in Chicago, Illinois. The loan was insured by the defendant, the Department of Education, under the federal government's Guaranteed Student Loan Program. Higher Education Act of 1965, 20 U.S.C. §§ 1071 to 1087–2 (1982).

Although David Swaney never completed his studies and failed to pay the outstanding balance of his loan, $840.00, to the school, Bell and Howell subsequently secured payment from the Department of Education under the federal guarantee, and the Department moved to collect on Mr. Swaney's loan.

On September 20, 1985, the Department of Education sent plaintiff a letter warning that if payment was not immediately tendered, Swaney's name would be submitted to the Internal Revenue Service for interception of any 1985 federal income tax refund. The interception would be made pursuant to the Deficit Reduction Act of 1984, 31 U.S.C. § 3720A (Supp. III 1985). The statute authorizes an agency that is owed a past due debt to refer the name of the debtor to the Treasury Department for intercept. Plaintiff, through his attorney, in a December 12, 1985 letter, responded by stating that because Swaney withdrew from school after two months, his enrollment should have been cancelled and that he should not be liable for the loan. Plaintiff's Exhibit 2 [hereinafter referred to as "Ex. ___"]. As a result of plaintiff's protests, the Department of Education claims that it removed temporarily plaintiff's name from a list of accounts which was to be referred to the IRS for collection of offsets in 1985. Declaration of Rosemary Beavers [hereinafter referred to as "Aff. ___"].

Plaintiff filed this action on March 6, 1986, seeking declaratory and injunctive relief prohibiting the defendant from intercepting plaintiff's refunds. On August 27, 1986, defendants' counsel advised plaintiff's counsel by telephone that the Department of Education would not intercept plaintiff's 1985 or 1986 income tax returns. Subsequently, plaintiff agreed to dismiss this lawsuit and a stipulation of dismissal was approved by this Court on February 5, 1987.

Defendants did not attempt to intercept plaintiff's income tax refund in 1985 or in 1986.

Plaintiff now moves for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982).

The Court grants the motion.

## DISCUSSION

### I. JURISDICTION

#### A. Subject Matter Jurisdiction

■ To award attorneys' fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982), the Court must have jurisdiction. The defendants suggest that the Anti-Injunction Act divests this Court of jurisdiction because it bars suits brought for the purpose of restraining the assessment or collection of any tax. Plaintiff requests injunctive relief enjoining defendants from "certifying the name of David Swaney to the Internal Revenue Service for interception of any income tax refund...." Comp. at 5. But the policies of the Anti-Injunction Act are not applicable to tax refunds in general and tax refund intercept programs in particular. Neither does the Declaratory Judgment Act, 28 U.S.C. § 2201 (1982) prohibit any action challenging tax refunds. The purpose of both acts is to protect the "[g]overnment's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." Such a need is not present when an intercept program is involved since the "intercept program takes place only after the assessment and collection of taxes." *Nelson v. Regan*, 731 F.2d 105, 109 (2d Cir.1984) (quoting *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974)). *See also Marcello v. Regan*, 574 F.Supp. 586, 595 (D.R.I.1983).

#### B. Personal Jurisdiction

■ Defendants also suggest that this Court lacks personal jurisdiction over the

parties. The plaintiff named as defendants William Bennett, the Secretary of Education, and David Hastings, the Director of Debt Collection and Management Assistance Service, individually, and in their official capacities. Because plaintiff did not effect proper service of process, the Court has no jurisdiction over the defendants in their individual capacities. The only question becomes whether the plaintiff can maintain an action against the United States. Such an action can be maintained only if there is a waiver of sovereign immunity. The United States waived its sovereign immunity with regard to requests for attorneys' fees and costs by enacting the Equal Access to Justice Act, 28 U.S.C. § 2415(a) (1982).

## II. PREVAILING PARTY

Attorneys' fees may not be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(b) (1982) unless the litigant is a "prevailing party". *See Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983) (the standards used in Section 1988 cases are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'.").

■ The standard for determining a prevailing party is straightforward and uncontroversial. The gravamen of the test is whether the fee petitioner achieved some of the benefit sought by the party bringing the suit. The first prong of the test requires a comparison of "the relief sought with that actually obtained"; the second prong mandates an inquiry into whether there is a causal connection between the relief obtained and the litigation. *Disabled in Action of Pennsylvania v. Pierce,* 789 F.2d 1016, 1019 (3d Cir.1986).

■ The relief obtained by plaintiff is similar to the relief sought. Plaintiff's complaint prayed for two things: (1) a declaration that 31 U.S.C. § 3720A (Supp. III 1985), the statute that authorizes the offset of tax refunds, violates Fifth Amendment Due Process; and (2) a temporary and permanent injunction barring the Department of Education from referring plaintiff to the Internal Revenue Service for "interception of any income tax refund allegedly owed...." Comp. at 5.

There was a causal connection between the filing of the lawsuit and the failure of the Department of Education to refer plaintiff's name to the IRS. Not until after the lawsuit was filed did the Department withhold plaintiff's name for two full years: 1985 and 1986. The Department is free to refer plaintiff's name in only one future year: 1987. Swaney's name can only be referred for one more year because even under the ten year statute of limitations advocated by defendants, the period runs in 1987. *See* discussion, *infra* at pp. 176–177. In effect, plaintiff has already received two-thirds of the relief sought.

The relief obtained here is similar to the relief obtained in *Pierce,* where the court found the first prong of the test satisfied. There, plaintiff "obtained a great deal of the relief sought in the complaint." *Id.* at 1019. A great deal of the relief requested here was obtained because plaintiff achieved his immediate objectives.

■ There is a causal connection between the relief obtained and the litigation brought. The statute authorizing the tax intercept program, 31 U.S.C. § 3720A (Supp. III 1985), directs the Secretary of Education not to refer a delinquent debtor to the IRS until after the debtor has been notified, the debtor has an opportunity to present evidence to bolster his case, and the evidence is duly considered by the Department of Education. The Department claims that it declined to refer plaintiff's account to the IRS following plaintiff's letter of protest of December 12, 1985 "because, the debtor's attorney wrote contesting the debt, and the account was pulled from collection pending administrative review." Aff. at ¶ 6. But, even if true, these administrative machinations were never made known to the plaintiff. Indeed, the only information made available to plaintiff was defendants' Jan. 13, 1986 letter stating that plaintiff was subject to intercept. Ex. 5. Only after plain-

tiff filed this lawsuit on March 6, 1986, did defendant agree to settle.

■ The fact that the relief obtained was the result of a settlement rather than a litigated decree does not prevent a finding that the plaintiff is a prevailing party. *Pierce*, 789 F.2d at 1019.

## III. THE DEFENDANT WAS NOT SUBSTANTIALLY JUSTIFIED

■ Having shown that the Court has jurisdiction, and that plaintiff was a prevailing party, the Equal Access to Justice Act still requires that, in order to award fees, the United States must not have been "substantially justified" in the position it took. 28 U.S.C. § 2412(d)(1)(A) (1982). The United States bears the burden of establishing that its position was substantially justified and it must make such a showing with regard to its litigation position, as well as the agency position leading up to the lawsuit. *Miller v. United States*, 753 F.2d 270, 274 (3d Cir.1985). To meet its burden the government must demonstrate: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.[1] *Id.* at 274.

Defendants had a reasonable basis in law. Plaintiff contends that the government had no reasonable basis in law for their intercept action because any such action was barred by the statute of limitations. The problem arrives because the Deficit Reduction Act of 1984 is not specific about what statute of limitations applies to tax intercepts. Plaintiff suggests that the limitations period is six years, and begins to run from the time the federal government paid Bell and Howell Schools to honor the federal guarantee of the student loan that plaintiff never paid. This date was February 5, 1978. According to plaintiff, the proper statute of limitations is found in the Debt Collection Practices Act

of 1982, 28 U.S.C. § 2415(a) (1982) ("every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....").

Defendants reject this six year statute of limitations as inapplicable to the Deficit Reduction Act of 1984, 31 U.S.C. § 3720A and 26 U.S.C. § 6402(d). The Act does not incorporate any statute of limitations. Instead, tax intercepts are limited only by a Treasury regulation that provides that a debt that has not been delinquent for more than ten years may be referred for offset. 26 C.F.R. 301.64–2–6 (1985). If the debt became delinquent in 1978, according to this argument, the government can offset the federal income tax refund in 1988 for the tax year 1987.

Defendants' argument is that this ten year limitation is applicable to offsets instead of the six year limitation that is applicable to actions brought by the United States to recover money owed by a debtor.

The Court today does not have to decide the question of which is the proper statute of limitations. For the purposes of awarding attorneys' fees, the Court need only satisfy itself that the federal government's position was "reasonable". Because the Act used to offset plaintiff's tax refund in this case is new—the Deficit Reduction Act was passed in 1984—the question of which statute of limitations applies is one of first impression in this Circuit, and in many others. But at least one court holds that the language and legislative history of the 28 U.S.C. § 2415(a) suggests that the six year limitations period is inapplicable to tax intercept actions. The very language of 28 U.S.C. § 2415 applies only to "action[s] for money damages ...", suggesting that the period of limitations applies to judicial pro-

---

1. Although the Equal Access to Justice Act does not define "substantially justified," the House Committee on the Judiciary Report states:

The test of whether government action is substantially justified is essentially one of reasonableness. Where the government can show

that its case had a reasonable basis in both law and in fact, no award will be made. H.R. No. 1418, 96th Cong., 2d Sess. 10–11, *reprinted in* 1980 U.S.Code Cong. & Adm.News 4953, 4984, 4989–90.

ceedings, like court civil lawsuits, rather than administrative proceedings such as the tax intercept program. *Gerrard v. U.S. Dep't. of Educ.*, 656 F.Supp. 570, 573–574 (N.D.Cal.1987). *Contra, United States v. Tilleraas*, 709 F.2d 1088 (6th Cir. 1983).

■ Although the government had a reasonable basis in law for its action, it did not have a reasonable basis in truth for the facts alleged in this action. There is no dispute that plaintiff borrowed $1,200 under a Guaranteed Student Loan Program. Ex. ›1. Nor is there any doubt that Bell and Howell Schools, Inc. filed a claim on the federal guarantee, and that the United States paid the claim on February 5, 1978. Plaintiff made no payment to the United States and had a balance due of $1,319.26 on the outstanding loan as of March 31, 1986. Defendants Motion to Dismiss at A-1-a; A-1-g.

But the defendants have simply shown nothing in the record to demonstrate that the plaintiff in fact defaulted on the loan to Bell and Howell Schools. The government has not rebutted plaintiff's contention that the plaintiff "withdrew from the course approximately two months [after it began]" and that "[t]herefore, his enrollment should have been cancelled and any money returned." Ex. 2. Even assuming that Bell and Howell refunded $360 from the original $840 loan, it is not clear that the government had the right to offset the $840 balance of the loan.[2] The government bears the burden of proof on the question of reasonableness and there is no reason to believe that on the facts given, the government was reasonable in initiating an offset action for the full amount of the loan.

The government also fails to meet the third prong of the test: that there be a reasonable connection between the facts alleged and the legal theory propounded. The legal theory is that under 31 U.S.C. § 3720A (Supp. III 1985), the plaintiff was subject to an offset. But the statute requires that the Department of Education institute several administrative procedures prior to referring plaintiff's name for collection. 31 U.S.C. § 3720A(b)(1–4) (Supp. III 1985). These steps include notifying the plaintiff debtor of the offset; giving the debtor sixty days to respond; considering any evidence presented by the debtor and satisfying any other conditions proposed by the Secretary of the Treasury. The problem is with the third step. 31 U.S.C. § 3720A(b)(3) (Supp. III 1985). The Department notified the plaintiff that he could submit evidence. The Department never notified the plaintiff, however, that while the Department of Education was reviewing the evidence presented by plaintiff, the Department would not refer Swaney's name to the Internal Revenue Service. "[P]laintiff's name was not referred to the Internal Revenue Service because of the administrative protests filed with the Department of Education, not because plaintiff filed this suit." Defendants' brief at 16. The Department never notified plaintiff or his attorney that legal action would not be necessary because the Department was going to administratively review the problem rather than send the matter to IRS for offset. In a letter of January 13, 1986, the Department of Education still indicated that Mr. Swaney's "tax refund is subject to offset." Ex. 5. At the same time, the Department had already decided *not* to refer Swaney's name for offset because of the ongoing administrative investigation. Aff. at ¶ 6. But the letter of January 13, 1986 was the only notification plaintiff had of the Department's impending actions, and, according to the letter, an offset was imminent.

The government misled Mr. Swaney. On the one hand, through correspondence, the Department indicated to the plaintiff that plaintiff's name would be referred for offset. On the other hand, privately, government employees acknowledge that the De-

---

**2.** Defendants counter with an assertion in a letter of their own that Swaney was enrolled for six months, from September 6, 1972 until January 12, 1974. Ex. 3. After Mr. Swaney terminated his enrollment, Bell and Howell refunded $360.00 of the original $1,200.00 loan and charged him $840.00 for the time he was enrolled. Ex. 3. Whatever the true facts, the government did not have a reasonable basis for assuming that plaintiff had defaulted on the loan.

partment had no intention of referring Swaney's name for offset. The government, in short, did not inform the plaintiff that it was considering the evidence as required by the statute. This is not reasonable.

Plaintiff believed that he had no choice but to file the current lawsuit to avoid the intercept threatened by the government. The government assured plaintiff's counsel by telephone that the Department of Education would not offset plaintiff's 1985 or 1986 tax refunds because of the "protest of such action to the Department of Education prior to the filing [of the lawsuit]." Defendants' brief at 3. Despite this call, however, the government never notified plaintiff in writing that an intercept would not occur. The plaintiff was kept in a jurisdictional purgatory that required him to file this lawsuit in order to be certain of his rights and liabilities. The government duplicitously dangled the threat of an intercept over plaintiff's head even though privately a decision had already been taken that no such intercept would occur. There was no reasonableness here; the government's action is this case was not "substantially justified", so an award of attorneys' fees is proper.

As an argument of last resort, defendants maintain that plaintiff unduly and unreasonably delayed this litigation and that therefore the Court should reduce or deny a fee award. This denial is authorized under 28 U.S.C. § 2412(d)(1)(C) (1982) which allows the Court in its discretion to find that one party unduly or unreasonably protracted the resolution of a matter. Defendants claim that plaintiff should have dismissed the suit when plaintiff was notified on August 27, 1986 that the plaintiff would not be referred for offset. But it is inconceivable that plaintiff's counsel would dismiss a suit based simply on an oral telephone conversation when the last written document, the January 13, 1986 letter, indicated that the government fully intended to refer the matter for offset. Defendants, not plaintiff, delayed this litigation.

28 U.S.C. § 2412(d)(2)(A) (1982) provides that an award of attorneys' fees under the

Equal Access to Justice Act shall be made at the rate of $75.00 per hour unless the Court determines that an increase in the cost of living or special factors exist. Plaintiff contends that there is an operative special factor here which is that his organization is the only one litigating these matters in the District of Delaware. But plaintiff's counsel does not suggest he is an expert in these matter, and is not unusually knowledgable. Therefore, the Court will make an award of $75.00 per hour, for a total time worked of 10.5 hours. This amounts to $787.50. Costs of $60.00 are also granted for a total award of $847.50.

An Order will enter in conformity with this Opinion.