5 F.3d 1503
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richard J. HENDRICKSON, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 92-3575.
 United States Court of Appeals, Federal Circuit.
 July 13, 1993.
 
 MSPB
 AFFIRMED.
 DECISION
 PER CURIAM.
 
 
 1
 Richard J. Hendrickson appeals from the initial decision of an administrative judge (AJ) of the Merit Systems Protection Board (MSPB or board), Docket No. SF0752920582-I-1 (July 23, 1992), dismissing his appeal for lack of jurisdiction and untimeliness, which decision became the final decision of the board when Mr. Hendrickson failed to petition properly for review. We affirm.
 
 DISCUSSION
 I.
 
 2
 The AJ found, consistent with Mr. Hendrickson's personnel records, that Mr. Hendrickson served as an animal caretaker for the Air Force from 1983 to 1986 under several temporary appointments each limited to one year or less. On April 4, 1986, Mr. Hendrickson's employment was terminated. Six years later, he appealed the termination to the MSPB.
 
 
 3
 The AJ found first that Mr. Hendrickson was at all times a temporary employee in the competitive service serving under a term of one year or less, and therefore the MSPB did not have jurisdiction over his appeal. 5 U.S.C. Sec. 7511(a)(1)(A). Mr. Hendrickson argued that he was in fact appointed under the Veterans Readjustment Act (VRA), 38 U.S.C. Sec. 4214, and that his appointment should have automatically converted to a permanent position in the competitive service in 1985. See Jakes v. Veterans Admin., 793 F.2d 293, 295 (Fed.Cir.1986). Thus, he contended that he had appeal rights. He also asserted that the Air Force changed his appointment to a temporary one so as to terminate him. As evidence of his alleged VRA appointment he offered an obliterated hand-written notation "VRA" on his original personnel application. He did not allege that the Air Force ever represented to him that he was hired under the VRA. And he admitted that while he was employed, the Air Force was attempting to redesignate his position so he could be appointed to a permanent position. The AJ further found that the notation in and of itself was not sufficient to prove that a VRA appointment had been actually, validly made and not revoked before it had become effective. The AJ thus held that Mr. Hendrickson failed to prove that he was other than a temporary employee, and therefore the MSPB had no jurisdiction to review his termination.[1] The AJ also found that the appeal--filed six years after the adverse personnel action--was untimely, and that Mr. Hendrickson had not shown good cause for waiver of the time limit.
 
 II.
 
 4
 This court's standard for reviewing a decision by the board is established and limited by statute. We will affirm such decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance of law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 Mr. Hendrickson's main brief directs this court to "see file," and does not assert any errors, either factual or legal, by the MSPB. Mr. Hendrickson's letter to this court, which has been treated as an informal reply brief, challenges only the AJ's determination that Mr. Hendrickson failed to prove he was appointed under the VRA. Mr. Hendrickson asserts in his reply brief that he presented evidence below that the Air Force told him in 1985 that it was "changing" his SF 171 (although he does not specify how); that the Air Force never told Mr. Hendrickson that his appointment was temporary; that Mr. Hendrickson first received his SF 50 in 1985; and that a Mr. Turner, "Union 2025 District Manager of the West Coast Regional Office[ ] ... agreed that [he] was hired under [the] VRA."
 
 
 6
 Having reviewed the decision of the AJ, the statements of Mr. Hendrickson, and the record in this case, we conclude that the AJ's determination that Mr. Hendrickson failed to prove that he was other than a temporary appointee in the competitive service was supported by substantial evidence.[2] Although Mr. Hendrickson might have been eligible for a VRA appointment, that does not mean that one actually was made. Accordingly, the decision of the MSPB is affirmed.[3]
 
 
 
 [1]
 Mr. Hendrickson also alleged discrimination on the basis of a compensable injury, and termination in retaliation for protected whistleblowing activity. The AJ found that the alleged whistleblowing activity occurred prior to the effective date of the Individual Right of Action under the Whistleblower Protection Act, Pub.L. No. 101-12, Sec. 7(b), 103 Stat. 16, 34 (1989). 5 C.F.R. Sec. 1201.191(b)(2). Therefore, the MSPB had no jurisdiction over these claims because it lacked jurisdiction over the main termination claim. Mr. Hendrickson also alleged mandatory restoration rights. The AJ found that the MSPB lacked jurisdiction over this claim because Mr. Hendrickson's appointment was time-limited. 5 C.F.R. Sec. 353.103(b)
 
 
 [2]
 We note that Mr. Hendrickson's personnel forms designate him as being in the competitive service. This would be inconsistent with a VRA appointment which is, prior to conversion, an excepted service appointment. Collaso v. Merit Sys. Protection Bd., 775 F.2d 296, 297 (Fed.Cir.1985)
 
 
 [3]
 Even if Mr. Hendrickson had shown error in respect to the jurisdictional issue, he has not submitted any adequate justification for his untimely filing or asserted that the dismissal of the appeal for untimely filing should be reversed