IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

**EDNA FORBES,**

　　Plaintiff-Appellee,

Vs.

Wilson Chancery No. 9325
C.A. No. 01A01-9602-CH-00089

**WILSON COUNTY EMERGENCY
COMMUNICATION DISTRICT 911
BOARD and W. J. McCLUSKEY,**

　　Defendants-Appellants.

**FILED**

**September 13, 1996**

**Cecil W. Crowson
Appellate Court Clerk**

CONCURRENCE IN PART, DISSENT IN PART

HOLLY KIRBY LILLARD, J.

　　I write separately to concur in part with the majority's Opinion, and to dissent in part.

　　I concur with the majority's holding that the record supports a finding that the Open Meetings Act was violated and that the remedy under Tenn. Code Ann. § 8-44-105 is to declare the demotion of the plaintiff "void and of no effect."  However, I dissent from the majority's holding that this precludes the plaintiff from recovering damages under Tennessee's handicap discrimination statute, Tenn. Code Ann. § 8-50-103.  Consequently, I would address issues raised by appellant under the discrimination statutes, including whether the facts are sufficient to support a finding that the plaintiff was "handicapped" and whether punitive damages are recoverable under the applicable Tennessee statutes.

　　Because the demotion of the plaintiff is declared "void and of no effect" under the Open Meeting Act, the majority concludes that there was no demotion and therefore no act occurred upon which a claim of discrimination could be predicated.  This case presents a unique situation, and the case law is sparse on whether an employment claim may be based on an act that is later declared void under another statute.  There is no Tennessee case law on point, and little case law elsewhere.  In *Miller v. United States*, 717 F.2d 109 (3d Cir. 1983), a civilian Army employee was appointed to a position, and it was later determined that he was overqualified for the position.  *Id.* at 110-11.  His appointment was declared void *ab initio*, and his employment was terminated.  *Id.* at 111.  He sought to appeal the discharge to the Merit Systems Protection Board. *Id.*  The Board ruled that, because the plaintiff's employment had been ruled void, he could not

appeal the termination. *Id.* On appeal to the Third Circuit Court of Appeals, the Army argued that because the plaintiff's appointment was never valid, the termination of his employment did not constitute an "adverse action." *Id.* at 112. The Court rejected this argument, noting that the plaintiff had been working in the position for two years when the Army told him he no longer had a job. *Id.* The Court stated: "It is hard for us to imagine action against an individual that could be more 'adverse.' " *Id.* at 113.

Tennessee law is unclear on whether a void act may be the predicate for a claim. In *Adams v. Tennessee Farmers Mutual Insurance Co.*, 898 S.W.2d 216 (Tenn. App. 1994), even though an insurance policy was void *ab initio*, the insurer could nevertheless sue the insured for a bad faith claim. *But see*, *e.g. Coulter v. Hendricks*, 918 S.W.2d 424 (Tenn. App. 1995) (the effect of a void marriage).

In this case, the issue is whether the demotion later declared void is nevertheless an adverse employment action under Tennessee's handicap discrimination statute. In *Howze v. Virginia Polytechnic*, 901 F. Supp. 1091 (W.D.Va. 1995), the district court held that when a university final review panel reversed a prior termination decision of a lower review panel, there was no adverse employment action on which plaintiff could base a retaliatory discrimination claim under Title VII. *Id.* at 1096-97. The court reasoned that "[o]nly the final decision is the ultimate act," finding that no legal effect resulted from the initial actions. *Id* at 1097*; see Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.) (holding that "there are many interlocutory or mediate decisions having no immediate effect upon employment conditions" under Title VII), *cert. denied*, 454 U.S. 892 (1981).

Unlike an interim employment action which is later reconsidered and reversed by the employer, in this case the decision to demote the plaintiff was final from the employer's standpoint. The plaintiff was required to file a lawsuit to obtain relief. While the Open Meetings Act employs the legal fiction of later declaring the action "void" as though it never happened, to the plaintiff it actually happened, and the humiliation and embarrassment on which the jury awarded damages was certainly real. I would find that the demotion, though void under the Open Meetings Act, can nevertheless be the basis for a claim under Tennessee's handicap discrimination statute. However, the remedy of front pay would not be available since the Open Meetings Act mandates that the action in question be declared void, and the plaintiff must be

2

returned to her original job position.

Consequently, I would reach the issues presented by the parties with respect to the Tennessee handicap discrimination statutes. First, the employer argues that the plaintiff's condition, colon cancer, is not a "handicap" within the meaning of the statute. Under the definition of "handicap" contained in Tenn. Code Ann. § 4-21-102 (9) and under the comparable federal statutes, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-794 (West 1988), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (Supp.1996), cancer is clearly a handicap. *See* 28 C.F.R. § 41.31 (b)(1) (1996); 28 C.F.R. §§ 35.104, 36.104 (1996) and 49 C.F. R. § 37.3 (1996). Therefore, this argument is without merit.

The employer also asserts that the jury's award of $250,000 for humiliation and embarrassment is excessive. In this case, the jury rejected the plaintiff's contention that the demotion from a supervisory position was because of her cancer. The jury concluded that the decision to place the plaintiff in a part-time position instead of a full-time position was motivated by her cancer, and there is sufficient evidence in the record to support this finding. However, the award of $250,000 for compensatory damages for humiliation and embarrassment seems excessive, since the damages are *only* for the decision to place the plaintiff in a part-time, rather than full-time, position.

Finally, the employer argues that punitive damages are unavailable to the plaintiff under the applicable statutes. The plaintiff cites *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992) and *Wood v. Emerson Electric Co.*, No. 01-A-01-9310-CH0067, 1994 WL 716270 (Tenn. App. Aug. 12, 1994), as establishing that punitive damages may be awarded in this case. However, *Hodges* is inapplicable since it holds that punitive damages are available in a retaliatory discharge action because the plaintiff may recover the damages for the common law tort as well as the statutory violation. In this case, a claim for handicap discrimination is a creature of statute only, and the damages available must be determined by reference to the applicable statutes.

*Wood v. Emerson Electric Co.* also does not address the issue presented in this case. In *Wood*, the Court affirmed the trial court's grant of the defendant's motion for judgment notwithstanding the verdict on the issue of punitive damages, and found that the evidence did not support an award of punitive damages. The court did not address whether punitive damages

3

were available under the statutes.

Tennessee's handicap discrimination statute, Tenn. Code Ann. § 8-50-103, expressly incorporates the rights and remedies provided in Tenn. Code Ann. §§ 4-21-302 through 311. *See* Tenn. Code Ann. § 8-50-103(b)(2). The pertinent statutes do not provide for punitive damages. *See* Tenn. Code Ann. § 4-21-306(7) and (8) and § 4-21-311. This was noted by this court in ***Taff v. Media General Broadcast Services, Inc.***, No. 32, 1986 WL 12240, 11 T.A.M. 52-1 (Tenn. App. Nov. 03, 1986) and ***Gifford v. Premier Manufacturing Corp.***, No. 18, 1989 WL 85752, 14 T.A.M. 36-2 (Tenn. App. Aug. 01, 1989). Recent changes to Tenn. Code Ann. § 4-21-311 support this conclusion. The statute now provides specifically that a plaintiff in a case involving discriminatory housing practices may recover punitive damages; however, punitive damages in other cases are still not mentioned. Tenn. Code Ann. § 4-21-311 (Supp. 1995). As stated in *Taff*, "if the Legislature intended to provide for some form of punishment the Act would have done so specifically." *Taff*, 11 T.A.M. 52-1, at p. 9. Consequently, I would reverse the award of punitive damages.

In sum, I concur with the majority's analysis of the Open Meetings Act and the conclusion that the employer's demotion of the plaintiff must be declared void under the Act. I dissent from the majority's conclusion that the employer's action, later declared void, cannot be the basis for a claim under the Tennessee handicap discrimination statutes. Consequently, I would reach the issues presented under the handicap discrimination claim, and would affirm the trial court's holding that the plaintiff's condition is a "handicap" under the statutes, would reduce the award of compensatory damages for humiliation and embarrassment, and would reverse the trial court's determination that punitive damages are available under the applicable Tennessee discrimination statutes.

HOLLY KIRBY LILLARD, J.

4