Guillermo COLLASO, Jr., Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

Appeal No. 85–1903.

United States Court of Appeals,
Federal Circuit.

Oct. 18, 1985.

Michael Milligan, El Paso, Tex., argued, for petitioner.

Anita Marshall, Merit Systems Protection Board, Washington, D.C., argued, for respondent. With him on brief were Evangeline W. Swift, Gen. Counsel and Mary L. Jennings, Associate Gen. Counsel, for Litigation.

Before DAVIS, Circuit Judge, NICHOLS, Senior Circuit Judge, and NEWMAN, Circuit Judge.

DAVIS, Circuit Judge.

The question is whether petitioner Collaso, who was removed from his position because he had been improperly appointed to a Veterans Readjustment Act (VRA) job, has a right to appeal his removal to the Merit Systems Protection Board (MSPB or Board). The Board held that he did not have that right and dismissed his appeal to it. We affirm.

I.

The VRA, as amended, 38 U.S.C. § 2014, extends (up to September 30, 1986) to "veterans of the Vietnam era" eligibility to veterans readjustment appointments with the federal government. Petitioner received such an appointment in September 1982 (as an Immigration Detention Officer) with the Immigration and Naturalization Service (INS) of the Department of Justice. Later, he successfully sought a similar VRA appointment (as a Federal Protection Officer) with the General Services Administration (GSA). When the latter reviewed his records, it was discovered that he had not had sufficient military service to quali-

fy for a VRA appointment, and he was ultimately refused the position with GSA. The INS refused to accept him back for the same reason—he did not meet "the basic VRA veteran eligibility requirements for the position." On his appeal to the MSPB, the presiding official held a hearing on the issue of whether the Board had jurisdiction over his appeal. Petitioner did not contest the fact that he had insufficient military service for a VRA appointment,[1] but urged Board jurisdiction on legal grounds. The presiding official held that the MSPB had no jurisdiction over petitioner's appeal, and the full Board declined review.

## II.

It is by this time a commonplace that the Board has only the jurisdiction granted it by statute or regulation. *E.g., Cowan v. United States,* 710 F.2d 803, 805 (Fed.Cir. 1983). In the case of a federal employee, the Civil Service Reform Act expressly provides that an employee (or applicant for employment) "may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a). In turn, 5 U.S.C. § 7511(a)(1)(A) and (B) declare that for removal (and other adverse action) purposes, an "employee" includes non-probationary individuals *in the competitive service,* and also a non-probationary *preference eligible* in an executive agency "in the excepted service" (including the postal agencies).[2] Accordingly, only those designated classes

of persons can appeal under the statute to the MSPB from agency adverse actions.

 In this case, the Board correctly and indisputably held that petitioner is not a "preference eligible" within the meaning of the second prong of the appeal statute, *supra,* because he does not meet the requirements for a "veteran" under 5 U.S.C. § 2108(1)(A) or (1)(B) (a person who served on active duty for more than 180 consecutive days during specified time periods).[3] *See* 5 U.S.C. § 2108(3)(A) and (B).

 The issue is, then, whether his VRA position was in the "competitive service" so that he could avail himself of the first prong of the appeal provisions, *supra.* We hold, as did the MSPB, that such a VRA appointment is *not* in the competitive service. First, it is plain that the appointment is an "excepted" one. The regulation governing that type of appointment specifically declares that a " 'Veterans readjustment appointment' is an *excepted appointment* made after April 8, 1970, under this part to a position *otherwise* in the competitive service of a veteran who served during the Vietnam era." 5 C.F.R. § 307.101(c) (emphasis added). Second, an Act of Congress explicitly states that (1) the "competitive service" consists of all civil service positions in the executive branch "*except—*(A) positions which are *specifically excepted* from the competitive service by or under statute" (5 U.S.C. § 2102(a), emphasis added) and, correlatively, (2) the " 'excepted service' consists of those civil service positions which are not in the competitive ser-

---

**1.** 38 U.S.C. § 2011(2)(A) and (4)(A) require, for a "veteran of the Vietnam era," service "on active duty for a period of more than 180 days and [discharge or release] therefrom with other than a dishonorable discharge." Apparently petitioner had only four months of active duty service between January 21, 1971 and June 7, 1974, and five years of service with the Army National Guard (which is not counted as active duty).

**2.** Section 7511(a)(1)(A) and (B) provide as follows:
 (a) For the purpose of this subchapter [Removal, Suspension for More Than 14 Days, Reduction in Grade or Pay, or Furlough for 30 Days or Less]—
 (1) "employee" means—

 (A) an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less; and
 (B) a preference eligible in an Executive agency in the excepted service, and a preference eligible in the United States Postal Service or the Postal Rate Commission, who has completed 1 year of current continuous service in the same or similar positions.

**3.** Petitioner did not serve for 180 days on active duty. *See* fn. 1, *supra.*

vice" (5 U.S.C. § 2103(a) ). Nothing could be clearer—a VRA appointment does not bring the individual holding it within the "competitive service" under 5 U.S.C. § 7511(a)(1)(A), *supra,* the first branch of the statute authorizing "employee" adverse action appeals to the MSPB.[4]

Petitioner urges that, nevertheless, *Miller v. United States,* 717 F.2d 109 (3rd Cir.1983), somehow authorizes the present appeal to the Board.[5] The *Miller* case, however, was very different in one significant respect. That employee—unlike petitioner—was found to be a bona fide preference eligible, and the Third Circuit therefore considered that he fell directly under the second prong of the statute, allowing appeals by preference eligibles in the excepted service, 5 U.S.C. § 7511(a)(1)(B), *supra. See* 717 F.2d at 112.

We hold, therefore, that the decision of the Merit Systems Protection Board is correct and must be affirmed.

AFFIRMED.

---

**4.** There is no regulation specially authorizing an appeal by a non-preference eligible (like petitioner) who holds a VRA appointment.

**5.** *Miller* involved another employee with a VRA position who had been found by his agency not to be eligible for that type of appointment. The issue before the Third Circuit was, as here, the jurisdiction of the MSPB over his appeal.