831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William C. FRANTZ, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3205
 United States Court of Appeals, Federal Circuit.
 September 9, 1987.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 William C. Frantz appeals from the final decision of the Merit Systems Protection Board, Docket Number PH07528610532, dismissing his appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 On February 1, 1986, the United States Postal Service hired Frantz as a part-time flexible city carrier. Frantz had transferred to the Postal Service from a position as a hospital linen coordinator with the Veterans Administration. His appointment to the carrier position was subject to a 90-day probation period. Frantz's removal occurred during that probationary period.
 
 
 3
 A government 'employee' has only those rights to appeal an adverse action provided by law, rule, or regulation. 5 U.S.C. Sec. 7701(a) (1982). Only a person with preference eligible status in the United States Postal Service who 'has completed one year of current continuous service in the same or a similar position' comes within the definition of 'employee' in 5 U.S.C. Sec. 7511(a)(1)(B). The Administrative Judge (AJ) found that Frantz 'had not completed [the required] one year of current continuous service in a position similar to the one from which he was removed.' Therefore, the AJ held that the board was without jurisdiction over Frantz's appeal.
 
 
 4
 Frantz presents three jurisdictional arguments on appeal. First, he asserts that his prior position as a hospital linen coordinator was 'similar' to his carrier position. In view of the different agencies and the different responsibilities involved in the two positions, we do not find the AJ's holding of dissimilarity either arbitrary, capricious, or unsupported by substantial evidence.
 
 
 5
 Frantz's second argument is that 'the severity and the amount of personnel prohibitted [sic] practices [he] was subjected to surely [grant] . . . jurisdiction.' Considerations such as the severity and amount of alleged improper practices cannot confer jurisdiction where none exists.
 
 
 6
 Finally, Frantz argues that he may appeal because he suffered discrimination for partisan political reasons. 5 C.F.R. Sec. 315.806(b) (1987). That right of appeal applies only to employees in the competitive service. See 5 C.F.R. pt. 315, subpt. H, Secs. 315.801-.806 (1987). Frantz held an excepted service position, which is not part of the competitive service. See Collaso v. Merit Sys. Protection Bd., 775 F.2d 296, 297 (Fed. Cir. 1985) ('excepted service' includes postal agencies); Gardner v. United States Postal Serv., 2 M.S.P.R. 276, 277 (1980) (provisions covering employees in competitive service inapplicable to employees in postal service). Therefore, the cited regulation does not apply to him.
 
 
 7
 We find that Frantz's three jurisdictional arguments lack merit. Accordingly, we uphold the decision of the board dismissing Frantz's appeal for lack of jurisdiction. Frantz's arguments on matters other than jurisdiction cannot be considered.