856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Angelo HUBERT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3227.
 United States Court of Appeals, Federal Circuit.
 Aug. 19, 1988.
 
 Before EDWARD S. SMITH, Circuit Judge, SKELTON, Senior Circuit Judge, and NIES, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Angelo Hubert, pro se, seeks review of the final decision of the Merit Systems Protection Board, Docket No. CH07528810059, granting the United States Postal Service's motion to dismiss his appeal for lack of board jurisdiction. Hubert appealed to the board from the agency's decision to remove him from his position as a General Expediter at the agency's Ann Arbor, Michigan, Post Office for misconduct (disruptive behavior). We affirm.
 
 OPINION
 
 2
 The board's appellate jurisdiction is limited solely to those actions which are specifically designated by law, rule, or regulation. See 5 U.S.C. Sec. 7701(a) (1982); Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1100 (Fed.Cir.1985). Chapter 75 of the Civil Service Reform Act (CSRA) of 1978, 5 U.S.C. Secs. 7501-43 (1982), gives civil service employees certain procedural rights, such as the right of appeal to the board, when faced with adverse personnel actions. The statute defines an "employee" as including non-probationary (A) individuals in the competitive service, and (B) preference eligible individuals in an executive agency in the excepted service. 5 U.S.C. Secs. 7511(a)(1)(A) & (B). "Accordingly, only those designated classes of persons can appeal under the statute to the MSPB from agency adverse actions." Collaso v. Merit Sys. Protection Bd., 775 F.2d 296, 297 (Fed.Cir.1985).
 
 
 3
 On appeal, Hubert does not contend that he is a preference eligible under section 7511(a)(1)(B) entitled to appeal rights. Rather, he relies on a variety of sources to support his contention that Postal Service employees are in the competitive service and that, therefore, the board has jurisdiction under section 7511(a)(1)(A).
 
 
 4
 Hubert contends that Postal Service employees are part of the competitive service under 39 U.S.C. Secs. 1001(b), 1005(a)(2) (1982). He refers to the legislative history of those provisions and asserts that the CSRA "let stand all rights" in the provisions. Neither Hubert's cited authority nor sections 1001 or 1005, however, place Postal Service employees within the competitive service. Hubert also contends that United States v. Fausto, 108 S.Ct. 668 (1988), placed all federal employees, including those in the Postal Service, in the competitive service. That contention simply misreads the Supreme Court's holding in Fausto.
 
 
 5
 Postal Service employees are not in the competitive service. See Collaso, 775 F.2d 296, 297 ("excepted service" includes postal agencies); Laurent, Which Employees Are in Excepted Service Positions?, Fed.Times, Feb. 29, 1988, at 17 ("all 800,000 U.S. Postal Service workers [ ] are members of the excepted service"). Accordingly, non-preference postal employees are excluded from the provisions of Chapter 75 and have no right to board review of adverse actions.
 
 
 6
 Hubert asks this court to "[v]acate the unlawful Order by MSPB [and] declare their position on USPS employees [excluding them from the competitive service] ... arbitrary, capricious and abuse of authority." The board's position correctly states the law, however, and Hubert's jurisdictional arguments lack merit. Because the board's decision dismissing Hubert's appeal for lack of jurisdiction is in accordance with law, see 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984), we must uphold that decision.