41 F.3d 1521
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Gregory L. ROUTT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3450.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1994.
 
 Before MAYER, MICHEL, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory L. Routt seeks review of the January 14, 1994, initial decision of an Administrative Judge (AJ), Docket No. DE-3443-94-0105-I-1, which dismissed his appeal of the Department of the Air Force (agency) decision to suspend him for fourteen days from his position as an air conditioning equipment mechanic for fraudulently accepting salary for hours not worked.* We affirm.
 
 
 2
 We review the board's decision under a narrow standard. We must affirm a decision of the board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 The jurisdiction of the board is not plenary, but is limited to those actions which may be appealed to it under some law, rule, or regulation. 5 U.S.C. Secs. 2105(a)(1), 7701(a) (1988); Collaso v. Merit Sys. Protection Bd., 775 F.2d 296, 297 (Fed.Cir.1985); Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983). Furthermore, only suspensions of more than fourteen days are appealable to the board. 5 U.S.C. Secs. 7512(2), 7513(d) (1988); Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1100 (Fed.Cir.1985). Routt appeals his fourteen-day suspension without citing any law, rule, or regulation that would give the board jurisdiction over a suspension of fourteen days or less.
 
 
 4
 To invoke board jurisdiction, Routt argues that the agency engaged in discriminatory and prohibited personnel practices, and that he was denied due process. However, because he is not entitled to appeal the fourteen-day suspension, these accompanying claims cannot confer jurisdiction. In the absence of an otherwise appealable matter, the board cannot address allegations of prohibited discriminatory practices. 5 U.S.C. Sec. 7702(a) (1988); Synan, 765 F.2d at 1101. Routt further argues that his suspension was in retaliation for whistleblowing activities. However, the record does not show that he sought corrective action with the Office of Special Counsel, and absent that the board properly refused to adjudicate this allegation. 5 C.F.R. Secs. 1209.5(a), 1209.6 (1993).
 
 
 
 *
 The AJ's decision became the final decision of the Merit Systems Protection Board (board) on June 1, 1994, when it denied review of the AJ's initial decision on the grounds that Routt's petition for review did not meet the criteria set forth at 5 C.F.R. Sec. 1201.115 (1993)