NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROSEMARY A. DAVIS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2016-1331

_____

Petition for review of the Merit Systems Protection Board in No. DC-3443-15-0969-I-1.

_____

Decided: May 6, 2016

_____

ROSEMARY A. DAVIS, Alexandria, VA, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

_____

Before MOORE, O'MALLEY, and HUGHES, *Circuit Judges.*

PER CURIAM.

Rosemary Davis appeals from a decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. Because Ms. Davis was not an "employee" for whom the Board has jurisdiction to hear an appeal, we affirm the Board's dismissal.

I

Ms. Davis worked for the United States Bankruptcy Court for the District of Maryland as a Case Administrator II from August 2011 to October 2012, when her employment was terminated. In July 2015, Ms. Davis filed an appeal with the Board, alleging that the Bankruptcy Court had not taken the necessary actions to allow her to extend her health coverage after termination of her employment. The Board dismissed Ms. Davis's appeal for lack of jurisdiction after finding that she failed to prove that the Board had jurisdiction over her case.

Ms. Davis appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

II

We will set aside any decision of the Board that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). "Whether the [B]oard has jurisdiction over an appeal is a question of law that this court reviews de novo." *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). "Petitioner bears the burden of establishing by a preponderance of the evidence that the Board has jurisdiction over her appeal." *Hartman v. Merit Sys. Prot. Bd.*, 77 F.3d 1378, 1380 (Fed. Cir. 1996).

The Board only has jurisdiction to review personnel actions as provided by statute. *See Collaso v. Merit Sys. Prot. Bd.*, 775 F.2d 296, 297 (Fed. Cir. 1985); *see also* 5

U.S.C. § 7701(a) (2012).  Ms. Davis alleges that the Board has jurisdiction over her appeal under 5 U.S.C. § 7513(d) (2012).  Section 7513(d) provides that "[a]n employee against whom an [adverse] action is taken" may appeal to the Board.  For the purpose of § 7513, an employee is any one of (A) "an individual in the competitive service," (B) an individual in the excepted service employed for at least one year in an executive agency, the U.S. Postal Service, or the Postal Regulatory Commission, and (C) an individual in the excepted service pending conversion to the competitive service or having served two years in an executive agency under a non-temporary appointment.  5 U.S.C. § 7511(a)(1) (2012).

But Ms. Davis was not an "employee" under any of the provisions of § 7511(a)(1).  Ms. Davis was in the excepted service, so she does not qualify under subsection (A).  Ms. Davis was an employee of the judicial branch, so she does not qualify under subsection (B).  And, Ms. Davis was not pending conversion to the competitive service and had not served two years in an executive agency, so she does not qualify under subsection (C).

Therefore, Ms. Davis was not an "employee" for whom the Board has jurisdiction to hear an appeal from an adverse personnel action.  Accordingly, we affirm the Board's dismissal of Ms. Davis's appeal.

**AFFIRMED**

No costs.