**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHARLES  V. NEIGHOFF,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　　Agency. | DOCKET NUMBER<br>CH-315H-14-0365-B-1<br><br><br>DATE: June 6, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

John J. Rigby, Esquire, Arlington, Virginia, for the appellant.

Laurie K. Simonson, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 Effective June 17, 2012, the appellant received a term appointment, not to exceed June 17, 2016, to a Physical Security Specialist position with the Federal Protective Service (FPS). Remand Appeal File (RAF), Tab 11 at 30 of 36. Effective June 14, 2013, the agency terminated the appellant as a probationer pursuant to its authority under 5 C.F.R. part 315.[2] *Id.* at 32-33 of 57, 77-78 of 79.

¶3 The appellant did not file an appeal until March 20, 2014, more than 9 months after his termination. *Neighoff v. Department of Homeland Security*, MSPB Docket No. CH-0731-14-0365-I-1, Initial Appeal File (IAF), Tab 1. After affording the appellant an opportunity to prove that his appeal was timely filed or that good cause existed for his untimely filing, the administrative judge dismissed the appeal as untimely filed without good cause. IAF, Tab 35, Initial Decision. On review, the Board found that the appeal was timely because the filing period was tolled under the Servicemembers Civil Relief Act of 2003, 50 U.S.C. app. § 526(a), during his military service. *Neighoff v. Department of Homeland Security*, 122 M.S.P.R. 86, ¶ 10 (2015). The Board remanded the case for further adjudication. *Id.*, ¶ 11.

¶4 On remand, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. RAF, Tab 20, Remand

---

[2] Although the termination followed, and was based upon, the agency's negative suitability *determination* under 5 C.F.R. part 731, there is no indication in the record that the agency took a suitability *action* under that part. Rather, as stated above, the agency terminated the appellant pursuant to its authority under 5 C.F.R. part 315. *See* 5 C.F.R. § 731.103(g) ("Nothing in this part precludes an agency from taking an adverse action against an employee under the procedures and standards of part 752 of this chapter or terminating a probationary employee under the procedures of part 315 or part 359 of this chapter."); *id.*, § 731.203(f) ("Where behavior covered by this part may also form the basis for an action under parts 315, 359, or 752 of this chapter, an agency may take the action under part 315, 359, or 752 of this chapter, as appropriate, instead of under this part.").

Initial Decision (RID). The administrative judge determined that the appellant was a preference eligible in the excepted service at the time of his termination and that he failed to nonfrivolously allege that he was an "employee" with appeal rights under 5 U.S.C. § 7511(a)(1)(B) because he did not have 1 year of current continuous service with the agency at the time he was terminated. RID at 4-5. The administrative judge further found that the appellant's prior service as a Police Officer with another agency could not be tacked to satisfy the 1-year service requirement because he failed to nonfrivolously allege that the Police Officer and Physical Security Specialist positions were the same or similar. RID at 5-8.

¶5      The appellant has filed a petition for review of the initial decision. Remand Petition for Review (RPFR) File, Tab 1 at 5, 7-10. The agency has filed an opposition, and the appellant has filed a reply. RPFR File, Tabs 3–4.

## ANALYSIS

¶6      Although an individual serving a probationary period has limited rights to appeal his termination to the Board, *see* 5 C.F.R. 315.806, he may nonetheless appeal his removal as an adverse action appeal if he meets the definition of "employee" under 5 U.S.C. § 7511(a)(1), *see McCormick v. Department of the Air Force*, 307 F.3d 1339, 1340-43 (Fed. Cir. 2002). The statutory definition of "employee" includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions--(i) in an Executive agency; or (ii) in the United States Postal Service or Postal Regulatory Commission." 5 U.S.C. § 7511(a)(1)(B). It also includes "an individual in the competitive service--(i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A). Thus, we first address whether the appellant's position was in the competitive or excepted service.

<u>The administrative judge erred in determining that the appellant's position was in the excepted service.</u>

¶7        On review, the appellant argues that the administrative judge erred in finding that his position was in the excepted service.  RPFR File, Tab 1 at 7-8. We agree.

¶8        In finding that the appellant's position was in the excepted service, the administrative judge relied on *Collaso v. Merit Systems Protection Board*, 775 F.2d 296 (Fed. Cir. 1985), in which the court found that an appointment under the Veterans Readjustment Act (VRA) was in the excepted service, not the competitive service.  RID at 4.  Here, however, the appellant was not appointed under the VRA.    Rather, the Standard Form 50 (SF-50) documenting the appointment identifies the legal authority as 5 C.F.R. § 316.302(b)(4), which concerns appointments under 5 U.S.C. § 3112 of veterans with a compensable service-connected disability of 30% or more.  RAF, Tab 11 at 30 of 36.  This appointment authority allows an agency to appoint noncompetitively such veterans to nonstatus term appointments in the competitive service.  *See* 5 U.S.C. § 3112; 5 C.F.R. § 316.302(b)(4); *see also Dean v. Department of Agriculture*, 99 M.S.P.R. 533, ¶ 13 (2005) (explaining veterans' preference hiring for competitive-service positions includes noncompetitive appointments of veterans under 5 U.S.C. § 3112), *aff'd on recons.*, 104 M.S.P.R. 1 (2006); *Sherwood v. Department of Veterans Affairs*, 88 M.S.P.R. 208, ¶ 6 (2001) (same), *modified on other grounds by Abrahamsen v. Department of Veterans Affairs*, 94 M.S.P.R. 377 (2003); Special Hiring Authorities for Veterans, *available at* http://www.fedshirevets.gov/job/shav/index.aspx#30 (referencing noncompetitive appointments made under the 30% or more disabled veteran appointment authority as being appointments in the competitive service) (last visited Apr. 7, 2016).

¶9        In addition, the position description and SF-50 documenting the appellant's appointment indicate that the Physical Security Specialist position is in the

competitive service. RAF, Tab 11 at 11, 30 of 36. The appointment SF-50 is marked with a nature of action code 108, which connotes a term appointment to the competitive service. *Id.* at 30 of 36; *see Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 12 n.4 (2011), *aff'd*, 493 F. App'x 105 (Fed. Cir. 2013); *see also* Guide to Processing Personnel Actions, Chapter 10, Table 10-E, *available at* https://www.opm.gov/policy-data-oversight/data-analysis-documentaton/personnel-documentation/#url=Processing-Personnel-Actions (designating nature of action codes 108 and 508 as nonstatus term appointments in the competitive service) (last visited Apr. 7, 2016). Further, there is no evidence that the agency obtained exception of the position from the competitive service, and the position does not appear to fall within any of the categories of positions designated as in the excepted service based on the nature of the position, and the position is not listed in the comprehensive schedules of excepted-service positions. *See* 5 C.F.R. part 213; 79 Fed. Reg. 74116-02 (Dec. 15, 2014). Thus, we find that, at the time of his termination, the appellant was serving in a term appointment, not to exceed 4 years, in the competitive service.[3] RAF, Tab 11 at 30 of 36.

The appellant is an employee within the meaning of 5 U.S.C. § 7511(a)(1)(A).

¶10     Because the appellant was terminated from a competitive-service position, he must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A) to have Board appeal rights under chapter 75. *See Henderson v. Department of*

---

[3] We acknowledge that the appellant's June 6, 2012 appointment letter from an agency human resources specialist congratulates him on his excepted-service appointment. RAF, Tab 11 at 28 of 36. This isolated reference to the excepted service does not change the result. The letter otherwise corroborates the other record evidence establishing that the appellant received a noncompetitive appointment pursuant to his status as a disabled veteran, *id.*, and there are no facts alleged that, if proven, could support a finding that the position was in the excepted service. Further, the civil service rules contemplate that a position must be classified as competitive or excepted service at an earlier stage than an appointment letter. *See Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 23 (2010) (stating that such classifications are required even before a vacancy announcement is issued).

*the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010). A competitive-service employee serving a probationary period is entitled to appeal to the Board if he "has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A)(ii); *see McCormick*, 307 F.3d at 1342–43; *Smart v. Department of Justice*, 111 M.S.P.R. 147, ¶ 7 (2009). For competitive-service employees, "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday. *Smart*, 111 M.S.P.R. 147, ¶ 7; *see* 5 C.F.R. § 752.402(b). Current continuous service need not be in the same or similar positions in order for an individual in the competitive service to qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). *Smart*, 111 M.S.P.R. 147, ¶ 7. Nor is it necessary for current continuous service to be within a single agency. *McCormick*, 307 F.3d at 1340, 1342-43 (finding the appellant met the definition of employee based on current continuous service within two different agencies).

¶11 Here, the appellant was appointed on June 17, 2012, and he was terminated during his 1-year probationary period on June 14, 2013. RAF, Tab 11 at 30 of 36, 44 of 57. His prior Federal civilian service was with another agency. RAF, Tab 15 at 35-36. However, it is undisputed that the appellant was appointed to the Physical Security Specialist position without a break in service of a workday. The appellant's SF-50 reflects a transfer from his Police Officer position on Friday, June 15, 2012. RAF, Tab 15 at 35. He was appointed to his position with the Department of Homeland Security effective Sunday, June 17, 2012. RAF, Tab 11 at 30 of 36. Although the appellant had a break in service on June 16, 2012, that was a Saturday and not a workday. *See Gardner v. Department of Defense*, 98 M.S.P.R. 215, ¶ 9 (2005) (finding the appellant completed 1 year of current continuous service, notwithstanding her 1-day break in service that occurred on a Sunday, not a workday); 5 C.F.R. § 752.402 (defining "day," as opposed to the term "workday," as a calendar day). Therefore, the appellant has

1 year of current, continuous service, and we find that he qualifies as an employee under 5 U.S.C. § 7511(a)(1)(A)(ii).[4]

¶12    Accordingly, on remand, the administrative judge should adjudicate this matter as a chapter 75 appeal.  Below, the appellant argued that the agency violated his due process rights and committed harmful procedural error because it erroneously considered him to be a probationer rather than an "employee."  IAF, Tab 1 at 6.  Although we agree that the appellant has appeal rights as an "employee" under chapter 75, the parties must be given an opportunity to submit evidence and argument before a determination can be made as to whether a due process violation or harmful error occurred.

## ORDER

¶13    For the reasons discussed above, we remand this case to the regional office for further adjudication on the merits in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

---

[4] In light of our disposition, we decline to address the appellant's argument that he was not serving a probationary period and, thus, satisfies the definition of employee under 5 U.S.C. § 7511(a)(1)(A)(i).  IAF, Tab 33 at 40; RAF, Tab 12 at 22-23.  In view of our finding that the Board has general jurisdiction over this appeal under 5 U.S.C. chapter 75, we need not address whether the Board has limited jurisdiction under 5 C.F.R. § 315.806.